### RUTH FRANER v. GREAT LAKES COAL & DOCK COMPANY.[1]

July 8, 1927.

No. 26,314.

**Verdict sustained where conflicting evidence made a case for the jury.**
> The evidence sustains a verdict finding that the defendant's representative removed a baffle-plate of the furnace in the plaintiff's house, and negligently replaced it, and as a result of the negligent replacement gas escaped doing the plaintiff injury.

Negligence, 29 Cyc. p. 621 n. 92.

Defendant appealed from a judgment of the district court for Ramsey county, Michael, J. Affirmed.

*Cobb, Wheelwright, Hoke & Benson, Raymond A. Scallon,* and *Ben R. Toensing,* for appellant.

*Kenny & Gardner,* for respondent.

DIBELL, J.

Action to recover damages sustained by the plaintiff through gas escaping from the furnace in her home. There was a verdict for the plaintiff for $800. The defendant moved for judgment notwithstanding the verdict, the motion was denied, judgment was entered, and it appeals from the judgment. The only question is whether the evidence sustains the verdict.

[1]Reported in 214 N. W. 787.

On December 16, 1925, a representative of the defendant came to the plaintiff's home in the interest of the promotion of the sale of coke. With her permission he went into the basement, examined the furnace, and made some suggestions as to its use. The plaintiff says that he took out the baffle-plate and replaced it. The claim is that in replacing it he was negligent. Nothing further was done with the furnace until ten o'clock in the evening when the plaintiff's husband fixed the fire for the night. About four o'clock the next morning gas had accumulated in the rooms above to such an extent as to affect the occupants. At 8:30 the plaintiff's husband went to the basement, opened the clean-out door of the furnace, and the baffle-plate fell out. He replaced it. There was never trouble before and there has been none since. There is evidence that if the baffle-plate were not properly replaced an escape of gas such as occurred would be a natural result.

The representative of the defendant denies that he took out or replaced the baffle-plate. His testimony is direct. That of the plaintiff is direct. Her husband's testimony that the baffle-plate fell down when he opened the door the next morning is in her favor. It is of importance that gas had not troubled before and did not trouble afterwards. The evidence made a case for the jury.

Judgment affirmed.